| ¡WALTER J. ROTHCHILD, Judge.
Following a bench trial in this automobile accident case, the trial court ruled in favor of plaintiffs and awarded damages. Defendants now appeal on the basis of three assignments of error. We affirm. Facts and Procedural History
On January 5, 2002, plaintiff Sherald Daniels was operating her vehicle in a west-bound direction on Veterans Boulevard with her three children as passengers. Mrs. Daniels noticed an ambulance with its lights and sirens approaching from the rear, and she pulled her vehicle off of Veterans into the entrance way of a shopping center. The Daniels’ vehicle was then struck by the ambulance which was being operated by defendant, Michelle Ser-untine.
l3At the time of the collision, Ms. Serun-tine was an employee of East Jefferson General Hospital and she was in the process of transporting a patient to the hospital.
On December 23, 2002, plaintiff, individually and on behalf of her minor children, filed the instant suit for damages allegedly sustained in this automobile accident. Named as defendants were Michelle Ser-untine, East Jefferson General Hospital and their insurer, Empire Indemnity Insurance Company. Defendants answered the suit, denying liability and alleging that the accident was caused by the negligence of plaintiff, Sherald Daniels.
The matter proceeded to a bench trial on May 24, 2004. The trial court found defendant Michelle Seruntine to be negligent in the operation of the ambulance, and that this negligence was the cause of the collision and plaintiffs’ injuries. The *49 trial court also found that Seruntine was in the course and scope of her employment with East Jefferson General Hospital at the time of the accident. The court found that Sherald Daniels was not. negligent in operating her vehicle on the date of the accident.
The trial court awarded damages as follows:
Sherald Daniels: $39,216.00
Joia Daniels: $17,849.75
Joseph Daniels, Jr.: $ 1,669.00
Defendants appeal on the basis of three assignments of error:
1) The trial court erred in finding that the accident was caused by Michelle Seruntine;
2) The trial court was clearly wrong in failing to allocate fault to plaintiff; and
3) The damages awarded by the trial court are excessive.

14Liability of Defendant

On appeal, defendants contend that the accident could not have occurred as found by the trial court. In support of this position, defendants rely on the testimony of Ms. Seruntine and the physical evidence noted at the accident scene by the investigating officer. Defendants also rely on the statutory provisions regarding the operation of emergency vehicles, found in La. R.S. 32:24 and 32:125 to support its argument that plaintiff failed to yield to the ambulance’s right of way.
Michelle Seruntine testified at trial that at the time of the accident she was driving the EJGH ambulance and was proceeding on Veterans Blvd. on an emergency call with her lights and siren. She stated that plaintiffs vehicle was in front of the ambulance as she changed from the left lane on Veterans to the right lane in order to make a right turn onto Houma Blvd. She stated that as she approached the turn at Houma, plaintiff moved her vehicle to the side of the road, and then as the ambulance passed the vehicle, plaintiff attempted to pull back onto Veterans Blvd., causing the accident herein. Defendants contend that this testimony shows that the accident was due to the fault of plaintiff, and not due any fault on the part of Ids. Seruntine.
Defendants also rely on the physical evidence found at the scene by the investigating officer. Deputy Dennis Crena stated that he arrived on the accident scene soon after the accident occurred and found the ambulance stopped in the right hand lane and that plaintiffs vehicle “was off to the side a little bit in front of it.” Although Deputy Crena stated that he could not recall the specifics, he stated that he noted in his report that he found some debris in the right lane of Veterans Blvd and that there was no debris on the side of the road where the plaintiffs vehicle was located. Defendants |Rcontend that this testimony shows that the accident happened as described by Ms. Seruntine.
However, on cross-examination, Deputy Crena stated that he had very little personal recollection of this accident, and that he wasn’t exactly sure that the debris was found in the right lane of Veterans. Further, he stated that his report did not contain a drawing of the vehicles as they looked when he arrived on the scene, and that he did not recall whether the vehicles had been moved after the accident. He stated that if the accident had occurred as described by Ms. Seruntine, he would have expected the damage to plaintiffs vehicle to be on the left rear corner of the vehicle. After reviewing the photographs of the damage to plaintiffs vehicle, Deputy Cre-na admitted that it looked like a sideswipe collision. He stated that the type of damage sustained indicated that the vehicles *50 were side by side when the accident occurred.
There is conflicting testimony as to how this accident occurred. Plaintiff testified that when she saw the ambulance, she pulled to the side of the road and was struck by the ambulance. She denied attempting to pull back onto Veterans Blvd. prior to the impact. Ms. Seruntine contends that plaintiff suddenly pulled her vehicle back onto Veterans Blvd., and that she was unable to stop in time to avoid the collision.
In finding liability on the part of defendants, the trial court chose to accept the version of the accident as described by plaintiff rather than what was described by defendant. The trial court rejected defendants’ claim that plaintiff interfered with the right of way afforded to the ambulance driver. Although defendants rely on the testimony of Deputy Crena, a review of his testimony fails to show that it supports defendants’ version of the accident. Deputy Crena had very little personal recollection of the accident and he | (¡could not recall exactly where the vehicles or the debris from the accident were located when he arrived at the scene. Further, he admitted that the photographs of the damage to the vehicles indicates that the accident was a sideswipe collision, and was not consistent with the version of fact given by Ms. Seruntine.
We have réviewed the testimony of all of the witnesses in this case and the photographs contained in the record. As found by the trial court, the photographs support plaintiffs position that she was stopped on the side of the road and did not attempt to return onto Veterans Blvd. prior to the impact. The physical evidence indicates that Ms. Seruntine’s testimony is inconsistent with the property damage to the vehicle. Further, the evidence fails to support defendants’ contention that plaintiff interfered with the right of way afforded to the driver of the emergency vehicle. We find that the credibility determinations are reasonably supported by the record, and we find no manifest error in the trial court’s factual determinations that the accident in this case was caused by the fault of the ambulance driver, Michelle Seruntine. Allocation of Fault
Defendants next contend that the trial court erred in failing to apportion any fault to plaintiff for her actions in this accident.
The trier of fact is vested with much discretion in its allocation of fault. An appellate court should only disturb the trier of fact’s allocation of fault when it is clearly wrong or manifestly erroneous. Only when an allocation is found to be clearly wrong, can an appellate court lower or raise the allocation to the highest or lowest point which is reasonably within the trial court’s discretion. Duncan v. Kansas City Southern Railway Co., 00-0066 (La.10/30/00), 773 So.2d 670, 680-81.
^Defendants contend that the plaintiff should have been held at fault for her actions in turning onto Veterans Blvd. as the ambulance was passing. Defendants contend that Ms. Seruntine was on an emergency call, and as plaintiff was merely on her way to buy shoes, her action in turning in front of the ambulance was not justified. Finally, defendants contend that plaintiff waited too long to move her vehicle from the path of the emergency vehicle, .and that she was negligent in moving her vehicle back into the lane of traffic before the ambulance had completely cleared her vehicle.
However, the evidence in the record indicates that plaintiff was not negligent in turning her vehicle onto Veterans Blvd. as the ambulance passed. Plaintiff testified that although she heard sirens as she *51 turned onto Veterans, she did not see the ambulance until she approached the intersection at Houma Blvd., at which time she pulled her vehicle to the side of the road to allow the ambulance to pass. The trial court apparently credited plaintiffs testimony, and we find this credibility determination to be reasonable. Further, as stated previously, the trial court rejected defendants’ version of the accident that plaintiff pulled back onto Veterans Blvd. into the path of the ambulance. We likewise find this credibility determination to be reasonable.
In holding Michelle Seruntine 100% at fault for this accident, the trial court apparently made a factual finding that plaintiffs actions did not in any way contribute to or cause this accident. We find no manifest error in this finding, and we will not disturb the trial court’s ruling. Damages
Defendants next contend that the trial court’s award of general damages to plaintiff was excessive. Defendants do not contest the awards 1 smade to plaintiffs two children. The trial court awarded plaintiff Sherald Daniels the sum of $34,000 in general damages.
The Louisiana Supreme Court explained the standard of review of general damage awards in Duncan v. Kansas City Southern Railway Co., 00-0066 (La.10/30/00), 773 So.2d 670, 682-83 as follows:
General damages are those which may not be fixed with pecuniary exactitude; instead, they “involve mental or physical pain or suffering, ineonvénience, the loss of intellectual gratification or physical enjoyment, or other losses of life or lifestyle which cannot be definitely measured in monetary terms.” Keeth v. Dept. of Pub. Safety & Transp., 618 So.2d 1154, 1160 (La.App. 2 Cir.1993). Vast discretion is accorded the trier of fact in fixing general damage awards. La. Civ.Code art. 2324.1; Hollenbeck v. Oceaneering Int., Inc., 96-0377(La.App. 1 Cir. 11/8/96), 685 So.2d 163, 172. This vast discretion is such that an appellate court should rarely disturb an award of general - damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Youn, 623 So.2d at 1260. As we explained in Youn:
Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances, that the appellate court should increase or decrease the award. .
Id. at 1261.
The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. Cone v. National Emergency Serv. Inc., 99-0934 (La.10/29/99), 747 So.2d 1085, 1089; Reck v. Stevens, 373 So.2d 498 (La.1979). Only after a determination that the trier of fact has abused its “much discretion” is a resort to prior awards appropriate and then only for the purpose of determining the highest or lowest point which is reasonably within that discretion. Coco v. Winston Indus., Inc., 341 So.2d 332 (La.1976).
|9In the present case, the trial court found that the incident in this case caused an aggravation of a preexisting cervical *52 condition in Sherald Daniels. The trial court found that plaintiff has a cervical injury in 1995 which had resolved by 1998, and at the time of the accident in 2002, plaintiff was not having neck problems. In this accident, the trial court found that plaintiff suffered neck, back and left hand pain and was treated for a period of 17 months, or until October of 2002.
An MRI revealed a displacement of a cervical disc. Plaintiff was also diagnosed with carpal tunnel syndrome and brachial neuritis and radiculitis. The trial court found that plaintiff continues to suffer from neck, back and hand pain, and experiences continued cysts on her left hand. She also wears a heal insert in her shoe to minimize pain. Although she continues to work as a practical nurse, she is restricted from heavy lifting, stooping or excessive standing or sitting. An independent medical examination performed in October of 2003 revealed cervical and lumbar strain as possible nerve root irritation.
In brief filed in this Court, defendants contend that plaintiff suffered a soft tissue injury and had only sporadic treatment over a 17 month period. Defendants contend that the highest amount of general damages to which plaintiff is entitled is $10,000, and they cite several cases in support of this figure.
However, the trial court’s finding that plaintiff suffered an aggravation of a preexisting cervical condition is supported by' the record. She was diagnosed with displacement of a cervical disc, and the IME found there to be possible nerve root irritation. This injury is more significant to a soft tissue injury described by defendants. Further, plaintiff suffers from recurring cysts on the left hand as well as brachial neuritis and radiculitis, |10which are more than soft tissue injuries. Plaintiff continues to suffer from these conditions, and sustains restrictions in her employment.
Under the circumstances ■ presented here, we find no abuse of the trial court’s discretion in this case in awarding general damages to Sherald Daniels. We find that the cases cited by defendants relating to soft tissue injuries are distinguishable from the factual situation presented herein. We have reviewed the record in this case, including plaintiffs testimony and the medical evidence presented, and we find no basis to disturb the trial court’s award of damages in this case.

Conclusion

Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Defendants are to bear all costs of this appeal.

AFFIRMED.